### Sirmans *vs.* Bush, trustee.

The rule of court which provides that the plaintiff in a claim case shall tender an issue within five minutes after the case is called, does not prevent him from doing so prior to that time. To write a traverse of the claim, alleging that the property is subject, on the papers at their return into court, was a substantial compliance with the rule.

Claim. Practice in the Superior Court. Before Judge KIDDOO. Miller Superior Court. April Term, 1878.

Reported in the decision.

E. C. BOWER; H. C. SHEFFIELD, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This was a claim case, and when it was called for trial in the court below, both parties announced ready, and after the expiration of five minutes, the claimant made a motion to dismiss the plaintiff's levy, on the ground that no issue had been tendered by the plaintiff within that time, as required by the 15th rule of court. The court sustained the motion, and dismissed the plaintiff's levy, whereupon the plaintiff excepted.

It appears from the record and bill of exceptions, that after the claim was interposed and returned into court, to-

wit: at the April term thereof, 1874, the plaintiff's attorney had written out a traverse of the claimant's affidavit on the claim papers, as follows: " Now comes the plaintiff in *fi. fa.* and traverses and denies the truth of the claimant's affidavit in the within case, and says that said property therein described is not the property of claimant, and is subject to said *fi. fa.*, and of this he puts himself upon the country.

" H. C. Sheffield, attorney for plaintiff in *fi. fa.*"

It was admitted that said claim papers had been in the court all the time, and accessible to the claimant from the date of said traverse, at April term, 1874. The plaintiff had made out and tendered an issue to the claimant as to the truth and validity of his claim within the true intent and meaning of the 15th rule of the court. The fact that the traverse of the claimant's claim was made on the claim papers *before* the case was called, and awaiting the claimant's signature, did not invalidate it, inasmuch as it was a continuing tender from the time it was entered on the claim papers. The object of the rule was to prevent delay in tendering the issue or traverse of the claimant's claim, and if the plaintiff had already done so before the case was called, so much the better for the business of the court.

Let the judgment of the court below be reversed.